**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL SERVICES, | |
| Plaintiff, | No. C 10-05974 JSW |
| v. | **ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFFS' TIME-BARRED RICO AND ANTITRUST CLAIMS** |
| IKON OFFICE SOLUTIONS, | |
| Defendants. | |

## INTRODUCTION

This matter comes before the Court upon consideration of the Motion to Dismiss Plaintiffs' Time-Barred RICO and Antitrust Claims filed by Defendants, IKON Office Solutions, Inc. ("IKON") and General Electric Capital Corporation ("GE Capital") (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, the record in this case, and the Court HEREBY GRANTS Defendants' motion to dismiss.

## BACKGROUND

This case is related to *NewCal Industries, Inc. v. IKON Office Solutions, Inc.*, 04-cv-2776-JSW, which was filed in this Court on July 12, 2004 and dismissed on May 16, 2005 (the "*NewCal* case"). That decision was reversed by the Ninth Circuit, and the decision became final on June 15, 2009, when the Supreme Court denied Defendants' petition for a writ of certiorari. On December 30, 2010, Global Services, LLC, Simile Imaging Solutions, Wood Business Systems, New England Copy Specialists, Inc., Ray Morgan Company, Documation of Austin, Inc., Documation of East Texas, Inc., Documation of North Texas, Inc., Documation of San

1  Antonio, Inc., Copytex, Inc., and ASI Business Solutions, Ltd. (collectively, "Plaintiffs") filed a
2  complaint, in which they raise identical claims to those asserted in the *NewCal* case for:
3  violations of the Sherman Act, 15 U.S.C. §§ 1 and 2; violations of the Lanham Act, 15 U.S.C. §
4  1125(a)(1)(B); violations of the Racketeering Influenced and Corrupt Practices Act, 18 U.S.C. §
5  1861, *et. seq.* ("civil RICO"); declaratory relief; and tortious interference with business
6  relations. (Docket No. 1, Complaint.)[1]

7  On May 18, 2011, the Court issued an Order granting in part and denying in part,
8  Defendants' motion to dismiss that complaint. As is pertinent to this Order, the Court
9  dismissed, with leave to amend, Plaintiffs' claims for antitrust or RICO damages incurred prior
10 to December 30, 2006, on the basis that Plaintiffs had failed to allege sufficient facts to toll the
11 statute of limitations. (*See* Docket No. 33 (Order Regarding Motions to Dismiss).)

12 On June 24, 2011, Plaintiffs, who competed and compete with Defendants for "Copier
13 Equipment and Copier Service in the form of Equipment Upgrades and Lease-End Services,"
14 filed the First Amended Complaint ("FAC"). (FAC ¶¶ 31-44, 51 (defining Equipment
15 Upgrades and Lease-End Services).) Plaintiffs allege, *inter alia*, that IKON and GE sold,
16 financed and administered lease/rental contracts for office equipment, including copiers,
17 printers, facsimile equipment and other accessories and software. (*Id.* ¶¶ 3-4.) Plaintiffs also
18 allege that Defendants fraudulently obtained one or more "amendments" or "addenda" to the
19 IKON Contracts to extend the lease term and number of payments, without commensurate
20 consideration, and Defendants prevented customers from seeking competitive alternatives after
21 expiration of the five-year lease (the "flexing practices"). (*Id.* ¶¶ 1, 6-18, 22-24.)

22 Based on these allegations, and others, Plaintiffs reassert, *inter alia*, their Sherman Act
23 claims and their civil RICO claim. The Court shall address specific additional facts as
24 necessary in the remainder of this Order.

25 //
26 //
27

---

28  [1]  Plaintiffs have dropped their claim for tortious interference with business relations.

2

# ANALYSIS

**A.    Applicable Legal Standard.**

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986). A plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 270 (1986)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).[2]

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "[I]f the factual and legal issues are not sufficiently clear to permit [the Court] to determine with certainty whether the doctrine [of equitable tolling] could be successfully invoked," the Court should not grant the motion. *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995).

---

[2]    Plaintiffs submit a declaration from their counsel in support of their opposition, and Defendants object to that declaration. Defendants' objections are well taken. The Court has not considered the Heffner Declaration, except to the extent it is relevant to whether it would be futile to grant Plaintiffs one last opportunity to amend.

3

**B.     The Court Grants Defendants' Motion.**

Defendants argue that Plaintiffs fail to allege facts that demonstrate the statute of limitations should be tolled, and, thus, Plaintiffs should not be permitted to recover damages based on conduct that occurred prior to December 30, 2006.[3] Plaintiffs rely on the doctrine of fraudulent concealment and argue that the statute of limitations can and should be tolled. At the pleading stage, to adequately allege tolling by fraudulent concealment, a plaintiff "must plead facts showing that [defendant] affirmatively misled it, and that [plaintiff] had neither actual nor constructive knowledge of the facts giving rise to its claim despite its diligence in trying to uncover those facts." *Conmar Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 858 F.2d 499, 505 (1988); *see also Hennegan v. Pacifico Creative Service, Inc.*, 787 F.2d 1299, 1302 (9th Cir. 1986) (statute of limitations for a cause of action is tolled if the plaintiff proves that the defendant "fraudulently concealed the existence of the cause of action so that the plaintiff, acting as a reasonable person, did not know of its existence"); *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1100 (C.D. Cal. 2009). The Court finds Plaintiffs' allegations of fraudulent concealment are insufficient.[4]

Plaintiffs allege that, because of Defendants "affirmative conduct," they did not have notice of their claims until at least June 2008.[5] (*See* FAC ¶¶ 95, 101.) Specifically, Plaintiffs

---

[3] The parties agree that the applicable statute of limitations is four years for the civil RICO and antitrust claims. 15 U.S.C. § 15b; *Agency Holding Corp. v. Malley-Duff*, 483 U.S. 143, 152 (1987).

[4] Plaintiffs urge the Court to deny the motion because there may be fact questions as to when each separate plaintiff was on notice of its claims. (*See* Opp. Br. at 2:18-22, 9:10-12, 13:24-26.) However, if there were facts supporting fraudulent concealment that were unique to a particular Plaintiff, it was incumbent upon that Plaintiff to include those facts in the FAC. Plaintiffs chose to set forth the allegations of fraudulent concealment on a collective basis, and the Court analyzes those facts to determine whether they are sufficient.
Defendants argue that Plaintiffs fail to meet the requirement that the "circumstances of the concealment and the facts supporting ... due diligence must be plead with particularity." *Conmar*, 858 F.2d at 502. In light of the Court's ruling, it does not reach the question of whether Plaintiffs' allegations satisfy Rule 9(b).

[5] Plaintiffs do not include facts to elucidate the significance of this date. Assuming the date is not a typographical error, this date may refer to the date on which the United States Supreme Court issued its opinion in *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008). (*See* Declaration of James A. Hennefer, ¶ 14.) If it is a typographical

4

1  claim they did not have notice of their claims because Defendants denied liability, represented
2  that the practices supporting the claims were limited to the West Coast and the San Francisco
3  Bay area, and represented that their practices in the areas where Plaintiffs did business were
4  different. (FAC ¶ 96.) Plaintiffs do not allege, however, that any Defendant made such
5  representations to them, and they deferred filing suit as a result of the representation. Rather,
6  they allege that Defendants' counsel made these alleged representations to the *NewCal*
7  Plaintiffs' counsel, James A. Heffner, at a meeting in San Francisco on August 31, 2004, and
8  that Defendants' counsel repeated these statements in briefs filed in the *NewCal* case. (*Id.* ¶
9  97.) Plaintiffs also allege that IKON's senior vice president of marketing, Cathy Lewis, denied
10 that the *NewCal* case had any merit in *Image Source* magazine in November 2004. (*Id.*)[6]

11  In general, "[a] mere denial of liability, rather than a misrepresentation bearing on the
12 necessity of bringing a timely suit, is insufficient to establish an estoppel to assert the statute of
13 limitations." *Lauter*, 642 F. Supp. 2d at 1101. However, "[t]he affirmative act of denying
14 wrongdoing may constitute fraudulent concealment where the circumstances made the
15 plaintiff's reliance upon the denial reasonable." *Rutledge v. Boston Woven Hose & Rubber Co.*,
16 576 F.2d 248, 250 (9th Cir. 1978); *see also Conmar*, 858 F.2d at 505 ("An affirmative act of
17 denial" may be sufficient, "if the circumstances make the plaintiff's reliance on the denial
18 reasonable."). For example, in *Conmar*, the defendant made public statements in the press
19 denying liability with respect to a customs' investigation. The court noted that "[t]his is not a
20 situation in which [defendant] simply 'fail[ed] to own up to illegal conduct upon [a] timid
21 inquiry [from the already suspicious plaintiff]..., but rather a direct public denial of any

---

error, then it may be that Plaintiffs intended to refer to January 23, 2008, the date on which the Ninth Circuit issued its opinion in the *NewCal* case, or that they intended to refer to the date on which the Supreme Court denied Defendants' writ of certiorari in connection with the Ninth Circuit's ruling, June 15, 2009. For reasons discussed herein, even if the Court accepts as true that Plaintiffs did not have "notice" until June 2008, the Court finds that the facts showing why they did not have notice do not support tolling under the doctrine of fraudulent concealment. This is because it is evident from Plaintiffs' opposition brief, that they premise "notice" of their claims based on a date on which a court issued an opinion that confirmed the viability of the legal theories asserted in the related *NewCal* case. (*See* Opp. Br. at 5:9-24, 11:6-8, 11:20-13:3.)

[6]  These are the only extra-judicial statements on which Plaintiffs rely to support their allegations of fraudulent concealment.

5

wrongdoing before sufficient facts existed to make" the plaintiff suspicious. *Conmar*, 858 F.2d at 505 (quoting *Pocahontas Supreme Coal Company v. Bethlehem Steel Corp.*, 828 F.2d 211, 218 (4th Cir. 1987)) (brackets as in *Conmar*). Therefore, the court concluded that it would not have been unreasonable for the plaintiff to rely on the defendant's public statements.

In contrast to the facts in *Conmar*, Plaintiffs do not allege that, prior to June 2008, they were not "alerted to facts that, following diligent inquiry, could have advised [them] of [their] claim," or that they did not have sufficient facts to make them suspicious. *Conmar*, 858 F.2d at 502, 505; *compare Rutledge*, 576 F.2d at 250 (concluding that it was unreasonable for plaintiff to rely on defendant's denial of liability where he had previously expressed suspicions about legality of defendant's conduct). Rather, Plaintiffs' argument is that, as a result of Defendants' denials, they did not believe they had a viable legal theory on which to pursue their claims. The Court finds Plaintiffs' reasoning untenable.

The statutes of limitations for the antitrust claims and the RICO claims are four years, and they are not triggered until a defendant acts in some way to injure a plaintiff and the plaintiff knows, or has reason to know, he or she has been injured. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 338 (1971); *Conmar*, 858 F.2d at 502. Thus, once a plaintiff is alerted to facts that reasonably put him or her on inquiry notice, the statutes provide a plaintiff with ample time to diligently investigate and pursue the claims before filing suit. *Cf. Singletary v. Continental Illinois Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1243 (7th Cir. 1993) (noting that it was "immaterial that on the day the staute of limitations began to run, the plaintiffs did not have enough evidence in hand to file a suit[,] ... [a] five year statute of limitations gives the victim of a wrong five years after he discovers that he has been injured to sue").

Plaintiffs rely on *Morton's Market Inc. v. Gustafson's Dairy*, 198 F.3d 823, 832 (11th Cir. 1999) to support their argument that they had to be able to satisfy Rule 11 before filing suit. The court in *Morton's Market* court did refer to Rule 11's requirements. However, it noted that although the "filing by others of a similar lawsuit against the same defendants may in some circumstances suffice to give notice, ... [t]he mere filing of a similar lawsuit, without more," is

6

not sufficient as a matter of law to constitute inquiry notice, because "that suit might well be frivolous or baseless." *Id.* The Court does not read *Morton's Market* to suggest that a plaintiff with knowledge of *facts* that might give rise to liability is entitled to delay filing suit pending the outcome of a case with similar facts. Moreover, Plaintiffs' counsel in this case was counsel in the *NewCal* case. He continued to file briefs in that case in which he advanced the same arguments raised in this case. Those briefs also were subject to Rule 11. Thus Plaintiffs' concerns about Rule 11 sanctions ring hollow.

Plaintiffs also allege that Defendants "forced Plaintiffs to go through the IKON and GE customers to obtain any information about their contracts and practices," in order to discover whether the Defendants were "flexing." (FAC ¶ 98.) However, Plaintiffs do not suggest that Defendants had any duty to disclose their practices to Plaintiffs. If the defendant is under no duty to plaintiffs to disclose information, "passive concealment" will not support equitable tolling. *Lauter*, 642 F. Supp. 2d at 1100 (citing, *inter alia*, *Thorman v. American Seafoods, Co.*, 421 F.3d 1090, 1096 (9th Cir. 2005)); *see also Conmar*, 858 F.2d at 505.

Finally, Plaintiffs argue that the Defendants' conduct was "self-concealing," and that the same conduct which shows that they concealed the alleged unlawful practices from their customers demonstrates that they also concealed the conduct from Plaintiffs. (FAC ¶ 99-100.) The Ninth Circuit "require[s] more" to allege and establish fraudulent concealment. *Conmar*, 858 F.2d at 505. "A plaintiff alleging fraudulent concealment must establish that its failure to have notice of its claim was the result of affirmative conduct by the defendant." *Conmar*, 858 F.2d at 505 (citing cases). In addition, to the extent Plaintiffs rely on concealment from customers, those allegations form the basis of their cause of action. That is not sufficient, and plaintiff must show "some active conduct by the [Defendants] '*above and beyond* the wrongdoing upon which the [Plaintiffs'] claim is filed, to prevent the [Plaintiffs] from suing in time.'" *Lukovsky*, 535 F.3d at 1052 (quoting *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (in turn quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)) (emphasis added in *Lukovsky*).

7

Defendants argue that the facts that are alleged show Plaintiffs did not, in fact, exercise reasonable diligence in pursuing their claims. Plaintiffs' response to this argument is that no diligence was required, because Defendants had denied liability. Thus, according to Plaintiffs, they had no notice of a legally and factually legitimate claim. For the reasons set forth above, the Court rejects this argument. Plaintiffs do not set forth any facts showing that they were diligent in pursuing these claims. As such, the Court concludes that Plaintiffs have not alleged facts to show the statute of limitations should be tolled to permit them to recover based on conduct that occurred prior to December 30, 2006.

Although leave to amend should be freely granted, the Court previously granted the opportunity to amend their allegations of fraudulent concealment. In addition, Plaintiffs have not asked for an additional opportunity to amend in their opposition brief. Finally, when the Court considers Plaintiffs' argument and the Hennefer declaration, it concludes that any further amendment would be futile.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. Plaintiffs shall not be permitted to recover damages premised on conduct that occurred prior to December 30, 2006.

**IT IS SO ORDERED.**

Dated: December 13, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

8